# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| **HERITAGE MEMORIAL FUNDING, LLC,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **CIVIL ACTION NO.:** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** ) ) ) ) ) | 1:17cv139-SA-DAS |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") files this Notice of Removal to remove this civil action from the County Court of Lee County, Mississippi, wherein it was filed as Case No. 2017-000788, to the United States District Court for the Northern District of Mississippi, Aberdeen Division, and show unto this Honorable Court as follows:

1. On July 17, 2017, Plaintiff Heritage Memorial Funding, LLC ("Heritage Memorial Funding") filed a Complaint in the County Court of Lee County, Mississippi, in the civil action styled *Heritage Memorial Funding, LLC v. Hartford Life and Accident Insurance Company*, Case No. 2017-000788. A true

04135555.1

and correct copy of the complete file maintained in the County Court of Lee County, Mississippi is attached hereto as Exhibit A.

2. This Notice of Removal is being filed within 30 days of service of the initial pleading setting forth the claim for relief, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

3. The United States District Court for the Northern District of Mississippi, Aberdeen Division, is the federal judicial district embracing the County Court of Lee County, Mississippi, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 104(a)(1) and 1441(a).

## INTRODUCTION

4. This case arises out of a dispute regarding the alleged non-payment of life insurance proceeds under a group life insurance policy pursuant to an assignment agreement. (Compl. at ¶¶ 4-5).

5. The subject group life insurance policy, Policy No. 837384 (the "Policy"), under which Plaintiff seeks payment was issued by Hartford to Fridley Public Schools. (*Id.*).

6. Plaintiff alleges that Estes Funeral Chapel, Inc. ("Funeral Home") received an assignment of a portion of the life insurance benefits under the Policy from the alleged beneficiary following the death of Lebron A. Ridley, the insured decedent. (*Id.* at ¶ 4).

7. Thereafter, Plaintiff alleges that it entered into an agreement with the Funeral Home to receive a re-assignment of a portion of the benefits due under the Policy. (*Id.*).

8. Plaintiff further alleges that Hartford "made an error in its processing of the assignment" to Heritage Memorial and tendered payment of the entirety of the subject policy, including the assigned portion, to the beneficiary. (*Id.* at ¶ 5).

9. Based on these allegations, Plaintiff asserts six separate causes of action, including claims of intentional interference with business relations, tortious interference with a contract, breach of fiduciary duty, breach of contract, breach of the duty of good faith and fair dealing, and bad faith. (*Id.* at ¶¶ 6-11).

10. Plaintiff's Complaint seeks assigned life insurance proceeds in the amount of $10,000, punitive damages in the amount of $50,000, attorneys' fees, and "such additional relief . . . as [the] Court deems appropriate." *See* (*Id.* at "WHEREFORE" clause at p. 7).

## DIVERSITY JURISDICTION

11. This action could have been filed with this Court pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship.

12. Plaintiff is a corporation organized and existing pursuant to the laws of the State of Mississippi with its principal place of business in Mississippi. (*Id.* at ¶ 1).

13. Hartford is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford is a citizen of the State of Connecticut. Hartford is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Mississippi within the meaning of the Acts of Congress relating to the removal of cases.

14. This action is therefore between citizens of different states, thus establishing complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a).

### B. Amount in Controversy.

15. It is readily apparent from an analysis of Plaintiff's allegations that the amount in controversy in the action exceeds the sum of $75,000.00.

16. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options: (1) The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00; or (2) the defendant may wait until the

plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount. *See generally Chapman v. Powermatic, Inc.,* 969 F.2d 160, 161–63 (5th Cir. 1992).

17. If the defendant chooses to remove the case immediately, the federal court may, in determining the amount in controversy, (i) look to the defendant's removal papers, (ii) make an independent appraisal of the amount of the claim or suggest that the defendant is free to do so, or (iii) remand the case. *See Id.* at 163, n.6.

18. An independent appraisal of the amount of Plaintiff's claim in this case or a review of Hartford's removal papers will reveal that the amount in controversy exceeds $75,000.00. *See, e.g., Marcel v. Pool Co.,* 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

19. Specifically, Plaintiff alleges that he is entitled to life insurance proceeds in the amount of $10,000 and further demands punitive damages in the amount of $50,000, plus attorneys' fees and such additional relief as the Court deems appropriate. (Compl. at "WHEREFORE" clause at p. 7).

20. While Plaintiff has pled an exact amount of punitive damages, this is not dispositive on the issue of whether the amount in controversy exceeds the jurisdictional minimum. With regard to the amount in controversy requirement of Section 1332, the Fifth Circuit has found:

> [I]n cases where an exact amount has been pled, if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount. In other words, where the plaintiff's claims can be proved to be of the type that are worth more than $[75]000, they can be removed unless the plaintiff can show he is legally bound to accept less.

*Allen v. R&H Oil & Gas Co.*, 63 F. 1326, 1335 n. 14 (5th Cir. 1995)

21. Here, it is apparent that Plaintiff's bad faith and punitive damage claims have been shown to be worth more than $75,000 under Mississippi law. *See, e.g. Chambley v. Employers Ins. Of Wausau*, 11 F. Supp. 2d 693, 695 (S.D. Miss. 1998) ("Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits.") (citing *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172 (Miss. 1990), *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290 (Miss. 1992), *Bakers Life and Cas. Co. v. Crenshaw*, 483 So.2d 254 (Miss. 1985), and *Employers Mut. Cas. Co. v. Tompkins*, 490 So.2d 897 (Miss 1986)); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1 (S.D. Miss. Dec. 2, 2008) ("Punitive damages awards against insurance companies in Mississippi often

exceeds $75,000.") (citing *United Am. Ins. Co. v. Merrill*, 978 So.2d 613, 636 (Miss. 2007) (affirming $900,000 award of punitive damages)); *see also Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192 (Miss. 2002) (affirming $500,000 award of punitive damages); *American Income Life Ins. Co. v. Hollins*, 830 So. 2d 1230 (Miss. 2002) (affirming $100,000 award of punitive damages). Accordingly, the amount in controversy in this matter clearly exceeds $75,000 based on Plaintiff's bad faith and punitive damages claims alone.

22. In addition to its' claim for punitive damages, Plaintiff further seeks attorneys' fees in an unspecified amount. The Fifth Circuit has held that if a claim for attorney's fees in a diversity of citizenship case is supported by state law, the amount of the attorneys' fees claim must be considered in the amount of controversy calculation. *See Foret v. S. Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (5th Cir. 1990).

23. Under Mississippi law, "[a]ttorney's fees are not recoverable as an element of damages unless the infliction of punitive damages is justified." *Aetna Cas. & Sur. Co. v. Steele*, 373 So.2d 797, 801 (Miss. 1979); *see also Central Bank of Miss. v. Butler*, 517 So.2d 507, 512 (Miss. 1987) (noting that in the absence of contractual provisions or statutory authority, attorneys' fees may not be awarded as damages under Mississippi law unless punitive damages are also proper).

24. If punitive damages are awarded, than an award of attorneys' fees is justified under Mississippi law. *Williams v. Wal-Mart Stores, Inc.*, 2005 WL 2365271, at *1 (S.D. Miss. Sept. 20, 2005).

25. In the present case, Plaintiff seeks punitive damages pursuant to its bad faith claim, which is permissible under Mississippi law. *See* MISS. CODE § 11-1-65. Accordingly, Plaintiff's claim for attorneys' fees is justified and can be used to calculate the amount in controversy for purposes of diversity jurisdiction.

26. Numerous Mississippi district courts have found that the amount in controversy was met when a plaintiff limited damages not to exceed $75,000, but was also entitled to attorneys' fees. *See Wince v. Wal-Mart Stores, Inc.*, 373 F. Supp. 2d 670, 673 (S.D. Miss 2005) (finding that while plaintiff had stipulated that she would not seek damages over $75,000, "damages are not all that is included when calculating the amount in controversy. Rather, if a party may recover attorneys' fees, those fees are also to be included in the amount in controversy determination . . . . Nowhere has plaintiff limited her damages, plus the amount in attorneys' fees sought, to [less than] $75,000. It is only with respect to damages that the plaintiff has limited her recovery . . . This limitation ignores the fact that plaintiff also seeks recovery of attorneys' fees. Thus, it is facially apparent that the amount in controversy requirement has been met[.]"); *McKelroy v. Wood*, 2007 1703835, at *1 (N.D. Miss. June 13, 2007) (finding, in a case where plaintiff

demanded $75,000 for actual and punitive damages, but also requested attorneys' fees and "any other relief deemed appropriate under the circumstances," that the jurisdictional requisite had been satisfied because attorneys' fees could be "included in determining the jurisdictional amount."); *Lee v. Safeco*, 2012 WL 12882890, * (S.D. Miss. Oct. 5, 2012) (finding, in a case where plaintiff's complaint alleged damages "not to exceed $75,000" plus "any other relief which the court or jury deems just and appropriate," that defendant met its burden of showing that the amount in controversy exceeded $75,000 "based on the nature of the claims alleged by [Plaintiff] and the award of attorneys' fees that [were] permitted on his punitive damages claim.").

27. Based on the foregoing, Hartford submits that it is facially apparent from Plaintiff's Complaint that it is seeking more than $75,000 in combined damages and attorneys' fees.

**OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

28. Because this Notice of Removal was filed within thirty days of service of the Complaint upon Hartford, it is timely under 28 U.S.C § 1446(b).

29. Hartford has not sought similar relief with respect to this matter.

30. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

31. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

32. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Court Clerk for the County Court of Lee County, Mississippi.

33. The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Northern District of Mississippi, Aberdeen Division, and this cause is removable to the United States District Court for the Northern District of Mississippi, Aberdeen Division.

34. If any question arises as to the propriety of the removal of this action, Hartford requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *See Allen*, 63 F.3d at 1336.

WHEREFORE, Defendant Hartford Life and Accident Insurance Company, desiring to remove this case to the United States District Court for the Northern District of Mississippi, Aberdeen Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted this 31st day of August, 2017.

> */s/ Ollie A. Cleveland, III*
> Ollie A. Cleveland, III (MSB No. 101178)

        **MAYNARD, COOPER & GALE, P.C.**
        1901 Sixth Avenue North
        2400 Regions/Harbert Plaza
        Birmingham, Alabama 35203-2602
        (205) 254-1000
        (205) 254-1999 (fax)
        tcleveland@maynadcooper.com

        *Attorney for Defendant*
        *Hartford Life and Accident Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served upon the following counsel by placing a copy of same via EFC and in the United States Mail, properly addressed and postage prepaid, this the 31st day of August, 2014:

Lee A. Durrett (MSB No. 99573)
P.O. Box 2999
Tupelo, MS 38803
(662) 718-3550
*General Counsel for Heritage Memorial Funding, LLC*

*/s/ Ollie A. Cleveland, III*
OF COUNSEL